IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GILBERT AGUILAS OCHO BUELNA, ) <br> ) <br>     Petitioner, ) <br> ) <br>     v. ) <br> ) <br> DORA SCHRIRO and ) <br> ARIZONA ATTORNEY GENERAL, ) <br> ) <br>     Respondents. ) <br> _____ ) | CIV 07-00235 PHX EHC (MEA) <br><br> REPORT AND RECOMMENDATION |

**TO THE HONORABLE EARL H. CARROLL:**

On January 31, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 17) on October 5, 2007. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. Petitioner filed a reply to the answer on November 2, 2007. See Docket No. 18.

**I Procedural History**

In 1996 Petitioner was charged with one count of child molestation, classified as a class 2 felony and a dangerous crime against a child. Answer, Exh. A. On May 20, 1997, the state trial court concluded Petitioner was voluntarily absent

from trial and allowed the prosecution to proceed against Petitioner *in absentia*. Id., Exh. B. A jury found Petitioner guilty as charged. Id., Exh. A. Petitioner was arrested in California after his Arizona *in absentia* trial, on or about May 25, 1997, and returned to the custody of the State of Arizona on or about October 16, 1997. Id., Exh. Q at 1. On November 3, 1997, Petitioner was sentenced to the presumptive term of 17 years imprisonment pursuant to his conviction on one charge of child molestation. Id., Exh. A.

Petitioner took a timely direct appeal of his conviction and sentence. Id., Exh. A. Petitioner's appointed counsel filed an Anders brief averring to the court that he could find no arguable issues to raise on Petitioner's behalf. Id., Exh. C. In a decision issued June 9, 1998, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. Id., Exh. B. Petitioner did not seek review of this decision by the Arizona Supreme Court. Id., Exh. D.

On January 20, 1998, prior to the date the Arizona Court of Appeals denied Petitioner's direct appeal, Petitioner filed a notice of post-conviction relief in the Arizona trial court. Id., Exh. E. Petitioner was appointed counsel in his Rule 32 action. Id., Exh. F. On August 24, 1998, Petitioner's appointed counsel declared to the court that he could find no arguable claims to raise on Petitioner's behalf. Id., Exh. F. Petitioner filed a motion to "continue" this action for post-conviction relief on October 7, 1998. Id., Exh. G. There were apparently no further proceedings in Petitioner's first action

-2-

for post-conviction relief.

Petitioner filed a second notice of post-conviction relief on September 30, 1999. <u>Id.</u>, Exh. H. Petitioner asserted that "no decision" was issued with regard to his first Rule 32 action and that he had new evidence of his innocence. <u>Id.</u>, Exh. H. The Arizona Superior Court denied Petitioner's assertion that his right to a speedy trial was violated and dismissed this petition on October 15, 1999. <u>Id.</u>, Exh. I.[1] Petitioner sought reconsideration of this decision, which was denied on November 17, 1999. <u>Id.</u>, Exh. K. Petitioner apparently attempted to seek review of this decision by the Arizona Court of Appeals, which denied review on May 2, 2000. <u>Id.</u>, Exh. M.

Petitioner filed a third action for state post-conviction relief, asserting an ineffective assistance of counsel claim, in the Arizona Superior Court on or about April 17, 2003. <u>Id.</u>, Exh. N. Petitioner was appointed counsel, briefing was conducted, and an evidentiary hearing was conducted regarding the circumstances of a plea agreement and Petitioner's failure to appear to enter a guilty plea and at his trial. <u>Id.</u>, Exh. R. On February 5, 2004, the Arizona Superior Court denied Petitioner's claims for relief. <u>Id.</u>, Exh. R. Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on July 19, 2005. <u>Id.</u>, Exh. T. Petitioner sought review of this decision by the Arizona Supreme Court, which

---

[1] The Notice of Post-Conviction Relief in the record before the Court does not contain an apparent speedy-trial violation claim. <u>See</u> Answer, Exh. H.

-3-

denied review on January 26, 2006.

Petitioner filed his federal habeas petition on January 31, 2007. Petitioner asserts he is entitled to habeas relief because he was deprived of the effective assistance of trial counsel. Petitioner also asserts his conviction violated his right to be present at all stages of his trial, and his right to confront witnesses against him.

Petitioner alleges he agreed to sign a plea agreement but that he was unable to sign the plea agreement on the required date and was tried in absentia the following day. Petitioner alleges his counsel never explained to him that, if he failed to appear to sign the plea agreement, a trial would commence "with or without him" the following day. Petitioner further argues his counsel was ineffective for failing to object to his trial in absentia based on the existence of an oral binding agreement with Petitioner, i.e., the verbal agreement underlying the plea agreement. Petitioner argues his conviction and sentence are in violation of his rights because he was verbally offered a plea agreement, he verbally accepted the agreement through counsel, and the trial court could have made the agreement binding. Petitioner contends the state should be bound by its oral contract to the terms of the plea agreement and seeks "specific performance" of the plea agreement.

**II Analysis**

**The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the

Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(1994 & Supp. 2007); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

Irregardless of when Petitioner's first action for post-conviction relief became final and the one-year statute of limitations on Petitioner's federal habeas action began to run at the termination of that action, more than 365 days of un-tolled time passed between the termination of Petitioner's second action for post-conviction relief and the date that he filed his federal habeas petition.

The Arizona Court of Appeals denied review of Petitioner's second action for post-conviction relief on May 2, 2000. Answer, Exh. M. Petitioner filed a third action for state post-conviction relief in the Arizona Superior Court on or about April 17, 2003. Id., Exh. N. Petitioner did not have any action for state post-conviction relief pending in the state courts, which would have tolled the one-year statute of limitations, for a period of almost three years. Accordingly, his habeas action was not timely filed.

-5-

The Arizona state court ordered briefing and held an evidentiary hearing with regard to Petitioner's third action for state post-conviction relief, asserting an ineffective assistance of counsel claim, on or about April 17, 2003. Id., Exh. H. However, that action for post-conviction relief could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

Even if the Court presumed the statute of limitations re-started with the state court's evaluation of Petitioner's third action for post-conviction relief on the merits of the claims presented, his federal habeas petition would still not be timely filed. Petitioner's third action for state post-conviction relief was denied by the Arizona Superior Court on February 5, 2004. The Arizona Court of Appeals denied review on July 19, 2005, and the Arizona Supreme Court denied review on January 26, 2006. Assuming the statute of limitations began to run on January 27, 2006, it expired on January 26, 2007 and, accordingly, Petitioner's federal habeas petition filed January 31, 2007, is too late even using the most generous calculation.

In response to the answer to his habeas petition, Petitioner states he is entitled to equitable tolling of the statute of limitations. See Docket No. 18. Petitioner contends extraordinary circumstances beyond his control "made it impossible to file a petition with the right case laws and on

time." Id. at 2. Petitioner alleges both his trial and his appellate counsel were unconstitutionally ineffective. Id. Petitioner asserts he has diligently pursued his claims. Id.

Section 2254 habeas applicants are no longer entitled to consideration of the merits of their untimely petitions based on the doctrine that the statute of limitations could be equitably tolled. The Supreme Court recently concluded section 2254 petitioners are not entitled to equitable tolling of the AEDPA's statute of limitations because this does not comport with the plain meaning of the statute. See Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (holding that "time limits enacted by Congress" are "jurisdictional" and rejecting the argument that the federal courts could craft an "equitable" exception to the jurisdictional requirement).[2] But see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that section 2244(d) provides for equitable tolling).

### III  Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA. Even allowing for the most generous construction of the applicable statute of limitations, more than 365 days of

---

[2] This holding does not affect a petitioner's ability to raise claims involving a change in the law made retroactive to cases on collateral review by the United States Supreme Court or claims involving newly-discovered evidence of innocence. See 28 U.S.C. § 2244(b)(2) (2004 & Supp. 2007). Absent those circumstances, which are not present here, the strict application of the jurisdictional deadline is appropriate in a collateral proceeding and is now established Supreme Court precedent. See Bowles, 127 S. Ct. at 2365-66.

un-tolled time passed after the date Petitioner's conviction became final and the date he filed his federal habeas petition. Pursuant to a recent United States Supreme Court opinion, Petitioner is not entitled to equitable tolling of the applicable statute of limitations as a matter of federal statutory law.

**IT IS THEREFORE RECOMMENDED** that Mr. Buelna's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right

to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 9th day of November, 2007.

_____
Mark E. Aspey
United States Magistrate Judge