IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Aguilas Ocho Buelna, | No. CV 07-00235-PHX-EHC |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro and the State of Arizona Attorney General, | |
| Respondents. | |

On January 31, 2007, Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C. § 2254. On October 5, 2007, Respondents filed an Answer (Dkt. 17). On November 2, 2007, Petitioner filed a Reply (titled "Response to Answer to Petitioner for Writ of Habeas Corpus") (Dkt. 18). Magistrate Judge Aspey issued a Report and Recommendation (Dkt. 19) recommending that Petitioner's writ be denied because it is barred by applicable one-year statute of limitations. Petitioner filed an Objection (titled "Motion for Reconsideration of Report and Recommendation") (Dkt. 20).

The Court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection. 28 U.S.C. § 636(b)(1)(C)("a judge of the court shall make a de novo determination of those portions of the report, ..., to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). The district court is not required to review any issue that is not the

1 subject of an objection.  Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003),
2 citing Thomas v. Arn, 474 U.S. 140, 149 (1985).

3       Petitioner contends in his objections that the prison law library provided him with
4 an old habeas form that contained an incorrect address for this Court.  He further contends
5 that he turned over his petition to prison authorities for mailing on January 18, 2007, but
6 that it was returned because of the incorrect address.  Petitioner then re-mailed his
7 petition to the correct address on January 31, 2007.  Petitioner focuses on a single
8 sentence in the Report and Recommendation, which he contends establishes January 26,
9 2007, as the date by which he could have still timely filed this petition. In this sentence,
10 the Magistrate Judge stated:

11/12       Assuming the statute of limitations began to run on January 26, 2006, it expired on January 26, 2007 and, accordingly, Petitioner's federal habeas petition filed January 31, 2007, is too late even using the most generous calculation.

13 (Dkt. 19, p. 6).  Petitioner now contends that the Court should deem his petition timely
14 filed on January 18, 2007, when he first attempted to mail it to the incorrect address.
15 Attached to Petitioner's objections are two documents: (1) an informational form about
16 filing a § 2254 petition, which contains this Court's old address at 230 North First
17 Avenue; and (2) an Arizona Department of Corrections Inmate Request for Withdrawal
18 dated January 18, 2007, requesting "Legal mail Postage."  (Dkt. 20).  Based on the
19 evidence presented, the Court cannot determine whether Petitioner did in fact make an
20 attempt to mail his petition on January 18, 2007.  Such a determination would not,
21 however, change the outcome of this case.

22       Petitioner has not objected to the other portions of the Report and
23 Recommendation that present substantially more daunting timeliness issues for Petitioner.
24 The Magistrate Judge concluded that:

25/26/27       Irregardless of when Petitioner's first action for post-conviction relief became final and the one-year statute of limitations on Petitioner's federal habeas action began to run at the termination of that action, more than 365 days of un-tolled time passed between the termination of Petitioner's second action for post-conviction relief and the date that he filed his federal habeas petition.

28

1  (Dkt. 19, p. 5). The Arizona Court of Appeal denied review of Petitioner's second action
2  for post-conviction relief on May 2, 2000, and Petitioner did not file a third action until
3  April 17, 2003. During this three year period, Petitioner did not have any action for state
4  post-conviction relief pending in the state courts, which would have tolled the one-year
5  statute of limitations. When the Magistrate Judge referenced January 26, 2007, as a
6  possible date that the statute of limitations ran, he did so to illustrate just how untimely
7  Petitioner's action would be even if the Court were to somehow find that the filing of
8  Petitioner's third action for state post-conviction relief on April 17, 2003, restarted the
9  already-expired statute of limitations. The filing of Petitioner's third action for state post-
10 conviction relief did not restart the federal statute of limitations. See Ferguson v.
11 Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). That part of the Report and
12 Recommendation, which assumed *arguendo* that the statute had been restarted, was
13 offered only for illustration and does not establish January 26, 2007, as the date upon
14 which Petitioner's claim became untimely.
15     Thus, having reviewed *de novo* the record in this matter pertaining to Petitioner's
16 objections, the Court agrees with the Report and Recommendation of the Magistrate
17 Judge regarding disposition.
18     Accordingly,
19     **IT IS ORDERED** adopting in full the Magistrate Judge's Report and
20 Recommendation (Dkt. 19).
21     **IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus pursuant
22 to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.
23     DATED this 24th day of March, 2008.

_____
Earl H. Carroll
United States District Judge